IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | ID No. 1408013012 |
| | ) | |
| | ) | |
| JOSE G. LOPEZ-MONCADA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant has moved for a modification of the sentence imposed after he entered pleas of guilty to one count of third offense DUI and one count of reckless driving alcohol related, the latter of which arose from a separate incident. As part of the plea agreement the State agreed not to seek more than seven months incarceration at Level 5 for the DUI charge. On December 19, 2014 Defendant was sentenced for a third-offense DUI as follows:

- Two years at Level 5. This sentence was imposed pursuant to 11 *Del. C.* § 4202(k), meaning that Defendant is not entitled to any form of early release.

- Six months at Level 3 probation following completion of the two year Level 5 sentence. This probation was imposed pursuant to 11 *Del. C.* § 4202(l) because the court determined he was in need of additional treatment and monitoring.

The sentence imposed for the reckless driving alcohol related conviction is not at issue here.

Defendant argues in his Rule 35 motion that (1) his sentence was excessive; (2) the prosecutor made improper comments at sentencing when he "impliedly suggested" that the court exceed the sentence agreed upon in the plea agreement; (3) the sentence was imposed in violation of "the spirit of Supreme Court Administrative Directive 76;" (4) his treatment needs exceed the need for maximum incarceration; and (5) the court's use of section 4204(k) is inconsistent with SENTAC policy.

*The sentence was not excessive.*

Defendant argues that his sentence was excessive. He asserts that a "seasoned prosecutor determined that under the totality of circumstances, and compared with similar cases handled by his office, that 7 months was a reasonable amount of Level 5 time." Defendant expressly recognizes, however, that sentencing authority is vested in the court and not in the office of the prosecutor.

After a review of the record the court concludes that Defendant's sentence was not excessive. This is Defendant's third DUI conviction within the past five years and his second within the past two years. He was pulled over by a police officer for driving in excess of 80 m.p.h. on I-495. After being stopped Defendant swayed when he walked and his eyes were glassy and bloodshot. Defendant refused to undergo field sobriety tests and refused an intoxilyzer test. He was then charged with DUI.

2

While out on bail for this offense Defendant was involved in a one car accident in Newport. When police arrived they observed that Defendant struck two light posts and a tree. Defendant told the police he had ostensibly swerved to avoid "something" in the middle of the road. The police observed that Defendant struck two light posts and a tree while ostensibly swerving to avoid "something." Because of his injuries Defendant was taken to the emergency room where his blood alcohol content was measured at .021, well in excess of the legal limit of .008.

Defendant has previously been charged with multiple offenses, all or some of which appear to be alcohol-related.

- In 2008 he was imprisoned for convictions of riot and conspiracy second degree. These convictions arose from a gang-related incident in which a victim was shot to death.

- A few months after his release from prison in 2009 Defendant led Delaware police on a 100 m.p.h. chase on I-95 into Pennsylvania where he crashed his car. He was convicted of assorted offenses in Delaware and DUI in Pennsylvania as a result of this incident.

- In the next two years Defendant was convicted of several driving related offenses on four separate occasions. His convictions included driving without a valid license, driving across a median and driving while intoxicated.

- In 2011 Defendant was sentenced to probation by the Court of Common Pleas after he became unruly in a 7-Elevn and refused a police officer's command to leave the store. According to the police report, the officer detected a strong odor of alcohol on Defendant's breath.

In his interview with a presentence investigator Defendant described himself as a "functional alcoholic" who "doesn't need to drink."

3

He said he drinks only "every once in a while" and that he drinks to excess only when he is "bored."

The court concluded at sentencing, and reaffirms that conclusion now, that Defendant has a serious alcohol abuse problem. Although defendant professed at sentencing that he now realizes that he needs treatment, the court finds his assertions to be self-serving and insincere. In particular, the fact that Defendant was driving while highly intoxicated when he was out on bail awaiting trial on a felony DUI charge belies his professed acknowledgement of his problem and his need for treatment. The court repeats its finding that Defendant presents a serious menace to innocent drivers and, because defendant does not appear to be amenable to treatment at this time, the focus of his sentence must be on protecting those innocent drivers from Defendant.

*The prosecutor did not make improper remarks at sentencing.*

Citing *Santobello v. New York*,[1] Defendant argues that the prosecutor made improper comments at sentencing when he "impliedly suggested" that the court exceed the sentence agreed upon in the plea agreement. The State agreed not to seek more than seven months of Level 5 time as part of its plea agreement. Defendant contends that the State breached this agreement by "impliedly" urging the court to sentence him to more than seven months. Therefore, according to

---

[1]   404 U.S. 267 (1971).

Defendant, under *Santobello* he has been deprived of his right to due process.

The court finds that the State did not breach its agreement to recommend no more than seven months at Level 5. The prosecutor scrupulously avoided asking for a sentence in excess of seven months. To be sure, the prosecutor's comments fairly placed Defendant in an unpleasant (but realistic) light, but that was the prosecutor's obligation to do so. For all the prosecutor knew, the court could have sentenced Defendant to less than seven months, and therefore he had every right to point out factors which justified a seven month sentence. The fact that these factors, and others not mentioned by the prosecutor, led the court to impose a longer sentence simply does not constitute a breach of the prosecutor's agreement.

*The sentence did not violate Supreme Court Administrative Directive 76.*

Defendant points out that Administrative Directive 76 requires this court to set out aggravating factors when exceeding the SENTAC guidelines. He concedes that his conviction for felony DUI is not covered by SENTAC and therefore Administrative Directive 76 does not apply here. He contends, however, that the "spirit" of that Directive applies. It is difficult to understand why the spirit of Administrative Directive 76 requires the court to list aggravating factors when it exceeds guidelines for sentencing in a felony DUI when no such guidelines (aside from the statutory minimum and maximum) exist. In any event, the court made it

clear on the record why it chose not to follow the State's recommendation of seven months. The fact that those reasons were not listed in the sentencing order in this non-SENTAC case is of no significance.

*Defendant's treatment needs do not require a shorter sentence.*

Defendant asserts that his treatment needs exceed the need for maximum incarceration. This is little different than his argument that his sentence is excessive. As mentioned previously, the court concluded (and still finds) that Defendant's amenability to treatment was so insubstantial that the need to protect innocent drivers predominates in the sentencing calculus.

*The use of Section 4202(k) is not inappropriate.*

The court imposed this sentence pursuant to 11 *Del. C.* §4204(k), which means that Defendant is not entitled to any early release for good time or other reasons. He contends that such sentences add complexity to the management of the prison population and, if used indiscriminately, can substantially increase prison populations. Therefore, according to Defendant, this court must use section 4204(k) sparingly and then only in exceptional circumstances.

One might intuitively imagine that the absence of any opportunity for good time makes it more difficult for correctional officers to manage a prisoner. But the court is not aware of any data supporting this hypothesis. Nor is the court aware of any data showing that the

6

occasional use of section 4204(k) in DUI cases has had any marked effect on prison populations. Nonetheless the court has traditionally been reluctant to use section 4204(k) when imposing *any* sentence, and reserves that sanction for appropriate cases, such as ones in which the need for protection of the public is predominate. This is one such case.

Defendant's motion for reduction or modification of his sentence is therefore **DENIED.**

Dated: June 3, 2015

John A. Parkins, Jr.
Superior Court Judge

oc: Prothonotary

cc: Zachary Rosen, Esquire, Department of Justice, Wilmington, Delaware
Michael W. Modica, Esquire, Michael W. Modica Law Office, Wilmington, Delaware